IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

HAGERTYSMITH, LLC,

     Appellant,

 v.                                                                         Case No.  5D16-3655

TIMOTHY GERLANDER, CHRISTINE
GERLANDER, KASHIF BATTLA, MARK
PHANEUF AND ROSEANN PHANEUF,

     Appellees.
_____/

Opinion filed December 1, 2017

Appeal from the Circuit Court
for Orange County,
Janet C. Thorpe, Judge.

Barry Rigby, of Law Offices of Barry Rigby,
P.A., Orlando, for Appellant.

Erik E. Hawks, of Walsh Banks, PLLC,
Orlando, for Appellees, Timothy Gerlander
and Christine Gerlander.

No Appearance for Appellees, Kashif
Battla, Mark Phaneuf and Roseann
Phaneuf.

ON MOTION FOR REHEARING

LAMBERT, J.

     Appellees, Timothy Gerlander and Christine Gerlander, filed a motion for rehearing

of this court's prior opinion, dated October 20, 2017.  We grant Appellees' motion,

withdraw our previous opinion, and substitute this opinion in its place.

HagertySmith, LLC ("HagertySmith") appeals from a final summary judgment entered in favor of its former lakefront neighbors, Timothy Gerlander and Christine Gerlander ("the Gerlanders"), on its claim that it sustained damages as a result of the Gerlanders' construction of a dock and walkway that obstructed HagertySmith's view and enjoyment of the abutting lake. The trial court ruled that HagertySmith had no legally cognizable cause of action for damages because it failed to allege a statutory or contractual basis for its claimed right to an unobstructed view of the lake. We reverse.

HagertySmith and the Gerlanders owned adjacent lakefront real property located on Lake Tibet Butler in Orange County, Florida. The Gerlanders built a dock and walkway that extended into the lake in front of HagertySmith's property. HagertySmith eventually sold its property to a third party, but it asserts that the property's sale price was significantly reduced due to the Gerlanders' dock and walkway diminishing the fair market value of HagertySmith's property. HagertySmith sued the Gerlanders for money damages for the difference between the sale price of its property and the fair market value of the property without the obstructed view.

Contrary to the trial court's analysis, owners of real property abutting a lake have several special common law littoral rights,[1] including the right to an unobstructed view of the lake. *See, e.g.*, *Walton Cty. v. Stop the Beach Renourishment, Inc.*, 998 So. 2d 1102, 1111 (Fla. 2008). Evidence in this record arguably supports HagertySmith's claim that the

---

[1] HagertySmith's counsel referred to these rights as "riparian" rights, which is the more commonly used phrase. "Technically, '[t]he term riparian owner applies to waterfront owners along a river or stream, and the term littoral owner applies to waterfront owners abutting an ocean, sea, or lake.'" *5F, LLC v. Dresing,* 142 So. 3d 936, 939 n.3 (Fla. 2d DCA 2014) (quoting *Walton Cty. v. Stop the Beach Renourishment, Inc.,* 998 So. 2d 1102, 1105 n.3 (Fla. 2008)). Here, because HagertySmith and the Gerlanders are waterfront owners abutting a lake, the rights being affected are littoral.

Gerlanders' dock and walkway encroached on that portion of the lake abutting HagertySmith's property; that is, upon HagertySmith's littoral rights. Thus, the trial court erred in concluding that HagertySmith had no cognizable cause of action.

However, our review of the record shows that HagertySmith's present cause of action is insufficiently pled. Under these circumstances, where the summary judgment is based on the mistaken assumption that the party has no cognizable cause of action, but the cause of action as pled is presently legally insufficient, the appropriate remedy is to reverse with directions to enter a dismissal without prejudice with leave to amend. *See Brumer v. HCA Health Servs. of Fla., Inc.*, 662 So. 2d 1385, 1386 (Fla. 4th DCA 1995) ("Where a summary judgment is in essence a substitute for a motion to dismiss for failure to state a cause of action, leave to amend should be granted unless it is clear that no viable cause of action can be stated."). Because HagertySmith may be able to plead a viable cause of action for private nuisance, *see Game & Fresh Water Fish Comm'n v. Lake Islands, Ltd.*, 407 So. 2d 189, 193 (Fla. 1981) (recognizing a cause of action for private nuisance for an obstruction or interference with a riparian owner's rights), we reverse the final summary judgment in favor of the Gerlanders with directions for the trial court to dismiss HagertySmith's present cause of action against the Gerlanders without prejudice and provide HagertySmith leave to amend its complaint.[2]

REVERSED and REMANDED, with directions.

COHEN, C.J., and SAWAYA, J., concur.

---

[2] Whether HagertySmith is able to eventually prove its claim for damages or if the Gerlanders have any defenses to the claim is not before us, and we express no position on the same.